UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY WALKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER ESPIN, et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-08713 EJD (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a civil detainee at the San Francisco County Jail ("CJ2"), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers and medical staff at CJ2. Dkt. No. 1. On May 13, 2025, the Court screened the complaint, Dkt. No. 1, and granted leave to file an amended complaint to correct the deficiencies of several claims within twenty-eight days. Dkt. No. 8. Plaintiff was advised that failure to respond would result in the dismissal with prejudice of the deficient claims, and that the action would proceed on the cognizable failure to protect claim and related state law claim against Defendants Deputy Espin, Chief Adams, and Captain Collins. Id. at 8. Plaintiff has filed no response in the time provided. Accordingly, this action shall proceed as stated above.

**DISCUSSION**

A.   **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

1  from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally

2  construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

3        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

4  elements: (1) that a right secured by the Constitution or laws of the United States was

5  violated, and (2) that the alleged violation was committed by a person acting under the

6  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.  Plaintiff's Claims**

      In the screening order, the Court found the following claims cognizable:

**1.  Failure to Protect**

Plaintiff claims that in September 2024, he was attacked by another inmate who was a known enemy of his.  Dkt. No. 1 ¶¶ 30, 35-36.  Plaintiff claims that despite knowing of this threat concern, Defendant Deputy Espin let the inmate out of his cell while Plaintiff was also out on the same tier.  Id. ¶ 31-33.  The subsequent altercation between Plaintiff and the inmate resulted in a cut to Plaintiff's upper eye that required stitches, loss of vision, injuries to his knee and elbow, and reinjuries to his neck and back.  Id. ¶ 36-38.  Plaintiff claims this incident was a result of Defendants' failure to protect, including properly housing him away from criminal detainees.  Id. ¶ 40.  He asserts that Defendants Chief Adams and Captain Collins violated his Eighth Amendment right to safety.  Id. ¶ 45.

The rights of civilly-committed persons are based on the Due Process Clause of the Fourteenth Amendment, such that they retain substantive liberty interests in at least the right to basic necessities such as adequate food, shelter, clothing and medical care; safe conditions of confinement; and freedom from unnecessary bodily restraint.  Youngberg v. Romeo, 457 U.S. 307, 315-16 (1982).  Accordingly, Plaintiff cannot state a claim related to conditions of his commitment under the Eighth Amendment but states a cognizable claim under the Fourteenth Amendment against Defendants Espin, Adams, and Collins.  Dkt. No. 1 ¶ 1.

Plaintiff also raises a state claim for negligent failure to protect.  Id. ¶¶ 67-72.  The Court will exercise supplemental jurisdiction over this state claim under 28 U.S.C. § 1367(a).

Dkt. No. 8 at 2-3.  This action shall proceed on the Fourteenth Amendment failure to protect claim and related state law claim.  All other claims and defendants shall be dismissed from this action.

//

//

//

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.  This action is proceeding on the failure to protect claim and related state law claim against Defendants Espin, Adams, and Collins. All other claims are **DISMISSED with prejudice** for failure to state a cognizable claim.

The Clerk shall terminate all other defendants from this action as there are no claims against them.

2.  The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto, (Dkt. No. 1), and a copy of this order upon Defendants Officer Espin (#2317), Captain Collins, and Chief Adams via the **Office of Chief Legal Counsel for Sheriff's Dept**. (Sheriff's Dept., Room 456, One Dr. Carlton B. Goodlett Place, San Francisco, CA 94102, Attn. Mark Nicco). The Clerk shall also mail a copy of this order to Plaintiff.

3.  No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b.  **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under** Rand v. Rowland, **154 F.3d 952, 963 (9th Cir. 1998) (en banc). See** Woods v. Carey, **684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. While conducting discovery, Plaintiff is directed to attempt to ascertain the name of John Doe Defendants, and file a motion to substitute the amended complaint with these Defendants' proper names **no later than fifty-six (56) days** from the date this order is filed. Failure to do so will result in the dismissal of the claims against these John Doe Defendants for failure to state a claim for relief.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a

1  timely fashion.  Failure to do so may result in the dismissal of this action for failure to
2  prosecute pursuant to Federal Rule of Civil Procedure 41(b).
3        11.    Extensions of time must be filed no later than the deadline sought to be
4  extended and must be accompanied by a showing of good cause.
5        **IT IS SO ORDERED.**
6  Dated:  August 29, 2025
7        EDWARD J. DAVILA
      United States District Judge