UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFERY WALKER,
Plaintiff,

v.

OFFICER ESPIN, et al.,
Defendants.

Case No. 5:24-cv-08713 EJD (PR)

**ORDER STRIKING AMENDED COMPLAINT**

(Docket No. 14)

Plaintiff, a civil detainee at the San Francisco County Jail ("CJ2"), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers and medical staff at CJ2. Dkt. No. 1. On May 13, 2025, the Court partially dismissed some claims as duplicative of another action and other claims with leave to amend. Dkt. No. 8. Plaintiff was directed to file an amended complaint that corrected the deficiencies within twenty-eight days, or in that alternative, proceed on the cognizable failure to protect claim and related state law clam against Defendants Deputy Espin, Chief Adams, and Captain Collins. Id. at 7-8. On June 27, 2025, Plaintiff was granted an additional 28 days, such that the amended complaint was due by July 25, 2025. Dkt. No. 11. When Plaintiff failed to respond in the time provided, the Court dismissed deficient claims and ordered service of the cognizable claims on August 29, 2025. Dkt. No. 12.

On November 6, 2025, Plaintiff filed an amended complaint which is untimely by over three months. Dkt. No. 14. Plaintiff did not seek additional time to file the amended complaint, nor did he provide an explanation with the filing to justify the lengthy delay.

Under Rule 15(a)(2), a party may amend its pleading only with the opposing party's

United States District Court
Northern District of California

written consent or the court's leave; the court should freely give leave when justice so requires. Here, Plaintiff did not obtain consent from Defendants before filing the amended complaint nor did he seek leave of the court. As such, he has failed to show good cause for the late filing.

Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994); cf. id. (attempt to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be based upon good cause). Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. See Janicki Logging Co., 42 F.3d at 566; Roberts v. Arizona Bd. of Regents, 661 F.2d 796, 798 (9th Cir. 1981). A district court should deny leave to amend on futility grounds if "it appears beyond doubt that the plaintiff's proposed amended complaint would not remedy the deficiencies in the previous complaint." Adam v. Hawaii, 235 F.3d 1160, 1164 (9th Cir. 2001).

A review of the amended complaint shows that the "factual statement" is identical to that presented in the original complaint except for two pages of additional allegations inserted between paragraphs 20 and 21, at pages 11-12. Compare Dkt. No. 1 at 6-20 with Dkt. No. 14 at 6-22. These two additional pages of allegations fail to correct the deficiencies described in the Court's initial screening order with respect to the claims of retaliation, deliberate indifference to medical and mental health needs, and the ADA. Dkt. No. 8 at 3-6. Accordingly, the Court denies leave to file the amended complaint for failure to show good cause for the delayed filing and because it constitutes an exercise in futility.

Accordingly, the Court orders the amended complaint filed under Docket No. 14 to be STRICKEN. The original complaint (Dkt. No. 1) is the operative complaint in this action, and this matter shall proceed on the Fourteenth Amendment failure to protect claim and related state law claim in accordance with the Court's order of service. Dkt. No. 12.

The Clerk shall strike the amended complaint filed under Docket No. 14. The Clerk shall also terminate all defendants except for Deputy Espin, Chief Adams, and Captain Collins from this action.

**IT IS SO ORDERED.**

DATED: November 9, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California